UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Lincoln Brown,** | ) |
|     Plaintiff, | ) |
|   **v.** | ) |
| **Board of Education** of the City of Chicago, | ) |
| a body politic and corporate, and | ) |
| **Jean–Claude Brizard,** in his official capacity | ) |
| as the Chief Executive Officer of the Board of | ) |
| Education of the City of Chicago, and | ) |
| **Gregory Mason,** individually and in his official | ) |
| capacity as Principal of Murray Language | ) |
| Academy and employee of the Board of | ) |
| Education City of Chicago, | ) |
|     Defendants. | ) Jury Requested |

## COMPLAINT

This is a Civil Rights complaint for declaratory, injunctive and other appropriate relief brought by Plaintiff Lincoln Brown for violations of his individual and associational rights under the Fifth and the Due Process Clause of the Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. 1983, and Illinois common law.

Lincoln Brown, an American citizen and highly-accomplished, middle – school teacher at Murray Language Academy and an employee of the Chicago Board of Education, was disciplined (five-day suspension without pay) after engaging in Constitutionally-protected activity when he allegedly used verbally-abusive language (the so-called "N-word") to or in front of students when, in fact, he was leading a discussion about the abusive, harmful effects of such language.

On personal knowledge as to his own affairs and on information and

1

belief, based in part on the investigation and analysis of his counsel, plaintiff swears the following:

I. **Jurisdiction and Venue**

1. This Court has subject matter jurisdiction premised upon Federal Question, 42 U.S.C §1983, the Freedom of Speech Clause of the First Amendment, the Due Process Clause of the Fifth Amendment, and the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States of America. Venue is proper in this District as all the unlawful acts of defendants occurred in the City of Chicago.

II. **The Parties**

2. Plaintiff Lincoln Brown is an American citizen, resident of the City of Chicago, widely acclaimed teacher in the Chicago Pubic Schools, and currently a teacher at Murray language Academy.

3. Defendant Jean–Claude Brizard is sued in his official capacity as the Chief Executive Officer of the Board of Education of the City of Chicago

4. Defendant Gregory Mason is sued both individually and in his official capacity as Principal of Murray Language Academy and employee of the Board of Education City of Chicago.

III. **Facts Common to All Causes of Action**

5. As evidenced by Exhibit A, the narrative authored by plaintiff and as sworn to by Ex. B, on October 4, 2011, at the beginning of a grammar exercise in his sixth grade class, Lincoln Brown saw that his students were unsettled

and arguing about the passage of a note which contained lyrics of a rap song. Lincoln Brown then conducted a discussion about how upsetting such language can be, attempted to give his own denunciation of the use of such language, and discussed how even such books as "Huckleberry Finn" were being criticized for the use of the "N-word." Ex. A.

    6. On October 17, 2011, approximately two weeks after the class-room incident described above, Defendant Principal Greg Mason delivered to Lincoln Brown, on behalf of Central Office Personnel, "Notice of Pre-Discipline Hearing." Ex. C.

    7. Pursuant to the October 17, 2011 Notice of Pre-Disciplinary, plaintiff was accused of violating Section 3-3 of the Chicago Public Schools Policy Manuel, "Using verbally abusive language to or in front of student." Ex. C.

    8. Lincoln Brown also was accused of violating Section 3-17 of the Policy: "Violating School rules, Board rules, policies or procedures that result in behaviors that disrupt the orderly educational process in the classroom, in the school, and may occur on or off the school grounds or assigned work location. Any cruel, immoral, negligent, or criminal conduct or communication to a student, that caused psychological or physical harm or injury to a student." Ex. C.

    9. Principal Mason in his own narrative of the event, states: "The very insistent [sic] I entered the room, I heard Mr. Brown discussing with the entire class of student on the word, "Nigger." Principal Mason continues:

"[he]...interviewed some students from the class separately, and in a private location in the school, [he] asked what they remembered about the word "Nigger" being used in class. One student from Mr. Brown's 6th grade class was present during the time in question stated that a student wrote a mean poem about another student, and that Mr. Brown read parts of the poem aloud, and further discussed the problems of bullying. The student said the teacher just brought up the word "Nigger out of the blue." Ex. D.

10. Defendant Mason used the word "nigger" with students at Murray Language Academy. Ex. D.

11. On October 25, 2011, a Pre-Disciplinary Hearing was held in the office of Defendant Greg Mason.

12. On November 10, 2011, Principal Mason delivered to plaintiff the "Notice of Disciplinary Action," wherein Mason confirmed the charge that Brown had engaged in misconduct and had violated Section 3-3 of the Board Rule/Policy, i.e., "Using verbally abusive to or in front of students." For this conduct, Principal Mason imposed on plaintiff a five-day suspension without pay. Ex. D.

13. At the "Suggestion(s) for Improvement" section of the Notice for Disciplinary Action, Mason wrote: "Do not use the word "N-----" with students at Murray at any time; whether a 'teachable moment' or not; the word is not appropriate for this age group." Ex. D.

14. Four days later, November 14, 2011, Mason tendered to Brown an "Amended Notice of Disciplinary Action, which inexplicitly appears to be an exact replica of the earlier notice of disciplinary action. Ex. E.

15. Both Notices of Disciplinary Action charge Brown with violating 3-3 of the Board Rules but not 3-17. Exs. D, E.

15. On November 17, 2011, Brown timely submitted his Appeal from Suspension Dated 11/14/11 to the Director of Employee Relations, Chicago Public Schools. Ex. F.

16. On December 8, 2011, a hearing was conducted in the Office of Employee Relations at which both Plaintiff Lincoln Brown and Defendant Greg Mason testified.

17. By letter dated February 8, 2012, Cheryl J. Colston of the Office of Employee Relations wrote, in pertinent part, the following:

> "After a thorough review of this matter, including the conference held in the Office of Employee Relations on December 8, 2011, we found that that [sic] the evidence proved that you (Plaintiff Brown) engaged in inappropriate discussions with sixth grade students during instructional time. Your conduct violated Sections 3-3 and 3-17 of the Board's Employee discipline Code. Your appeal is denied.
>
> "In accordance with this determination, you will serve your five-day suspension on **February 17, 2012, February 21, 2012 and March 15, 2012 through March 17, 2012**." (Emphasis in original.)

5

18. March 17, 2012, falls on a Saturday, a day on which no school is scheduled.

**IV. First Cause of Action – First Amendment**

19. Plaintiff restates and incorporates paragraphs 1 through 18 into this first cause of action

20. The actions of defendants have unjustly and illegally punished the plaintiff for speaking on a matter of public concern, i.e, race relations and appropriate words. Not only was plaintiff speaking on a matter of public concern, he was attempting to teach his class of students an important lesson in vocabulary, civility, and race relations.

21. The actions of these defendants, and each of them, violates the First Amendment to the Constitution of the United States of America, and violates the rights of Plaintiff Lincoln Brown.

22. As a result, an injunction regarding the suspension and damages, court costs, attorney fees, and whatever the court deems just should be awarded to plaintiff.

23. The actions of these defendants have unjustly and illegally punished Lincoln Brown for speaking on a matter of public concern, *i.e.*, race relations and abusive words. Not only was Brown speaking on a matter of public concern, he was attempting to teach his class of students an important lesson in vocabulary, civility, and race relations.

24. The actions of these defendants, and each of them, violates the First Amendment to the Constitution of the United States of America, and violates the rights of this plaintiff.

25. As a result, an injunction regarding the suspension and damages, as well as court cost, attorneys' fees, and other costs the court deems just should be awarded to plaintiff.

**V. Second Cause of Action – Fifth Amendment**

26. Plaintiff incorporates and restates paragraphs 1 through 25 into this second cause of action.

27. Absent any written or verbal rule or warning by Defendant Chicago Public Schools and its agents, the discipline accessed to plaintiff violates the Due Process Clause of the Fifth Amendment as incorporated by the Fourteenth Amendment in that the discipline is vague, retroactively applied, and otherwise violates law as applied to this plaintiff.

28. Further, this plaintiff has been accused of a variety of infractions of the vague Chicago Public Schools Policy Manual and therefore has not been confronted with a clear and understandable complaint regarding his conduct. Indeed, plaintiff was attempting to teach tolerance and civility to his students, but that apparently is not tolerated by Defendant School Board and its agents.

29. As a result, Defendants' actions are vague, at best, and otherwise violative of the Due Process Clause of the Fifth Amendment, as applied to Plaintiff Lincoln Brown.

## VI. **Conclusion**

WHEREFORE, Plaintiff Lincoln Brown requests that this court enter judgment in his favor and enter such judgment as to include statutory, compensatory, punitive and exemplary damages, attorney fees, litigation expenses, including fees for expert witnesses, and costs for each cause of action in this complaint, and that the court enjoin such future wrongful acts as committed by defendants, and other injunctive relief, and that the court grant such other and further relief as is just.

                Respectfully submitted,

                _____
                Lincoln Brown, Plaintiff

_____     _____

William Spielberger                  Terence Flynn
Spielberger & Associates, LLP    53 W. Jackson
53 W. Jackson Blvd., Suite 1231   Suite 1231
Chicago, IL 60604                  Chicago, IL 60604
312-834-0519                        312-346-1378